FILED

AUG 16 2017



CLERK

| | |
|---|---|
| FREDERICK BANKS,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN ROE, ESQUIRE, MARK R HORNAK, J, ROBERT CESSAR, AUSA, SOO SONG, US ATTORNEY, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, S A SEAN LANGFORD, S.A. ROBERT WERNER, S A IN CHARGE SCOTT SMITH, MIKE POMPEO, FEDERAL BUREAU OF INVESTIGATION, CENTRAL INTELLIGENCE AGENCY,<br><br>Defendants | 4 17-CV-04092-RAL<br><br><br>ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS |

Plaintiff, Frederick Banks, is an inmate at the Northeast Ohio Correctional Center in Youngstown, Ohio (NEOCC) as a result of criminal proceedings in the District of Pennsylvania Doc 5 Plaintiff has filed a Petition for Writ of Mandamus, two Motions for Leave to Proceed in Forma Pauperis, and an additional Complaint for a Writ of Quo Warranto, Prohibition and Mandamus Docs. 1, 2, 5 Plaintiff has filed similar complaints in many other districts.

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act (PLRA) because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity " 28 U S C § 1915(a) Plaintiff moves to waive his filing fee The Prison Litigation Reform Act, 28 U S C. § 1915(g) states.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

Plaintiff, while incarcerated, has filed many more than 3 cases that were dismissed as frivolous, malicious, or lacking merit *See Banks v Cty. Of Allegheny*, 568 F Supp 2d 579, 586 n 1 (W.D Pa. 2008) Plaintiff is, therefore, barred from filing a federal civil case unless he pays the filing fee in full or alleges imminent danger of serious physical injury

Plaintiff does not allege he faces imminent danger of serious physical injury Liberally construed, Plaintiff's complaint does not allege imminent danger of serious physical injury Plaintiff's statement that the stabbing occurred at the NEOCC does not indicate that Plaintiff was endangered at that time or indicate that Plaintiff is currently in imminent danger Furthermore, the alleged failure to take proper precautions after the stabbing is too vague to demonstrate an imminent threat of danger. Therefore, it is

ORDERED that Plaintiff's motion to waive his filing fee is DENIED It is further

ORDERED that Plaintiff shall pay the full filing fee of $400 00 to the clerk of court within 30 calendar days of the date of this order or the case will be dismissed without prejudice

DATED August 16, 2017

BY THE COURT

ROBERTO A LANGE
UNITED STATES DISTRICT JUDGE

2